**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

AMERICAN APPRAISAL ASSOCIATES,
INC.,

              **Plaintiff,**

-vs-                           **Case No.  6:07-cv-1215-Orl-28GJK**

ALL AMERICAN APPRAISALS, INC.,

              **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT AND FOR INJUNCTIVE RELIEF (Doc. No. 16)** |
| **FILED:** | **November 28, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff American Appraisal Associates, Inc. ["American Appraisal"] initiated the instant litigation by filing the complaint which seeks to hold Defendant All American Appraisals, Inc. ["All American"] liable for service mark infringement, false designation of origin, dilution, cyberpiracy, unfair competition, and trade name infringement for the use of "All American Appraisal" in interstate commerce and the "allamericanappraisals.com" domain. Doc. No. 1. American Appraisal now moves for the entry of default judgment against All American based on the allegations delineated in the complaint pursuant

to the Lanham Act, a permanent injunction, and an award of entitlement to attorneys' fees and costs. Doc.

No. 16.

## I.   THE LAW

### A.   Default Judgment

When a party against whom a judgment for affirmative relief is sought has failed to plead or

otherwise defend as provided by the civil rules, and that fact is made to appear by affidavit or otherwise,

the Clerk enters a default.  Fed. R. Civ. P. 55 (a).   Rule 55 (b)(2) further provides:

> In all other cases the party entitled to a judgment by default shall apply to the court
> therefor; but no judgment by default shall be entered against an infant or incompetent
> person unless represented in the action by a general guardian, committee, conservator, or
> other such representative who has appeared therein. If the party against whom judgment
> by default is sought has appeared in the action, the party (or, if appearing by
> representative, the party's representative) shall be served with written notice of the
> application for judgment at least 3 days prior to the hearing on such application.  If, in
> order to enable the court to enter judgment or to carry it into effect, it is necessary to take
> an account or to determine the amount of damages or to establish the truth of any averment
> by evidence or to make an investigation of any other matter, the court may conduct such
> hearings or order such references as it deems necessary and proper and shall accord a right
> of trial by jury to the parties when and as required by any statute of the United States.

The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment

by the Court.  Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment

to be entered.  *Nishimatsu Constr. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  A default

judgment cannot stand on a complaint that fails to state a claim.  *Chudasama v. Mazda Motor Corp.,* 123

F.3d 1353, 1370 n.41 (11th Cir. 1997) (citing *Nishimatsu*, 515 F.2d at 1206).  A default judgment has the

effect of establishing as fact  the plaintiff's well-pleaded allegations of fact, and bars the defendant from

contesting those facts on appeal.  *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (citing

*Nishimatsu*, 515 F.2d at 1206).

**B.**   **15 U.S.C. § 1114(1)(a) and (b); 15 U.S.C. § 1125(a)**

American Appraisals seeks to hold All American liable for willful trademark infringement

pursuant to 15 U.S.C. Section 1114(1)(a) and (b) due to its use in commerce of American Appraisal's

trademarks. Section 1114(1) provides that any person who shall, without the consent of the registrant-

> (a) use of commerce any reproduction, counterfeit, copy, or colorable imitation of a
> registered mark in connection with the sale, offering for sale, distribution, or advertising
> of any goods or services on or in connection with which such use is likely to cause
> confusion, or to cause mistake, or to deceive; or (b) reproduce, counterfeit, copy, or
> colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or
> colorable imitation to labels, signs, prints, packages, wrappers, receptacles or
> advertisements intended to be used in commerce upon or in connection with the sale,
> offering for sale, distribution, or advertising of goods or services on or in connection with
> which such use is likely to cause confusion, or to cause mistake, or to deceive, shall be
> liable in a civil action by the registrant for the remedies herein provided.

15 U.S.C. § 1114(1)(a), (b). American Appraisals maintains further that All American is liable to it for

trademark dilution pursuant to 15 U.S.C. Section 1125(a), which provides:

> (1) any person who, in or in connection with any goods or services, or any container for
> goods, uses in commerce any word, term, symbol, or device, or any combination thereof,
> or any false designation of origin, false or misleading description of fact, or false or
> misleading representation of fact, which (A) is likely to cause confusion, or to cause
> mistake, or to deceive as to the affiliation, connection, or association of such person with
> another person, or as to the origin, sponsorship, or approval of his or her goods, services,
> or commercial activities by another person, or (B) in commercial advertising or promotion,
> misrepresents the nature, characteristics, qualities, or geographic origin of his or her or
> another person's goods, services, or commercial activities, shall be liable in a civil action
> by any person who believes that he or she or is likely to be damaged by such act.

15 U.S.C. § 1125(a). Finally, American Appraisals requests that the Court enter a permanent injunction

pursuant to 15 U.S.C. Section 1125(c) which states that the owner of a famous mark that is "distinctive,

inherently or through acquired distinctiveness, shall be entitled to an injunction against another person

who, at any time after the owner's mark has become famous, commences use of a mark or trade name in

commerce that is likely to cause a dilution by blurring or dilution by tarnishment of the famous mark, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury." 15 U.S.C. § 1125(c)(1).

A district court may grant permanent injunctive relief if the moving party shows that: 1.) it has a substantial likelihood of success on the merits; 2.) irreparable injury will be suffered unless the injunction issues; 3.) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4.) if issued, the injunction would not be adverse to the public interest. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004).  The standard for a permanent injunction is the same as for a preliminary injunction except that the movant must show "actual success on the merits" instead of a "likelihood of success."  *Id.* (citing *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 546 n.12 (1987)).

In trademark infringement actions, injunctive relief is appropriate as: 1.) "there is not adequate remedy at law to redress infringement and [2.)] infringement by its nature causes irreparable harm." *Tally-Ho, Inc. v. Coast Cmty. Coll. Dist.*, 889 F.2d 1018, 1029 (11th Cir. 1989) (emphasis added) (citing *Processed Plastic Co. v. Warner Commc'ns*, 675 F.2d 852, 858 (7th Cir. 1982)).  Further, courts have generally recognized that in such cases, the public interest is "paramount."  *BellSouth Advertising & Publishing Corp. v. Real Color Pages, Inc.*, 792 F. Supp. 775, 785 (M.D. Fla. 1991).  Trademark infringement encroaches on "the right of the public to be free of confusion" as well as "the synonymous right of the trademark owner to control his products' reputation."  *Id*. (citing *James Burrough Ltd. v. Sign of Beefeater, Inc.*, 540 F.2d 266, 274 (7th Cir. 1976)).

II.     **APPLICATION**

   A.     **Procedural History**

American Appraisal is engaged in the business of providing valuation and appraisal services and is one of the largest independent valuation consulting firms. Doc. No. 1, ¶ 7. American Appraisal is the owner of the "AMERICAN APPRAISAL" mark of U.S. service mark registration No. 1,151,920 used in connection with appraisal and valuation of tangible and intangible property, which was registered on April 21, 1981. Doc. No.1-2. American Appraisal is also the owner of the "AMERICAN APPRISAL" (triangle shape with diagonal stripes) mark of U.S. service mark registration No. 1,460,311 used in connection with appraisal and valuation of tangible and intangible property, which was registered on October 6, 1987. Doc. No. 1-3.

American Appraisal filed its complaint on July 26, 2007 alleging that All American is causing dilution of the distinctive quality of Plaintiff's American Appraisal Associates mark.  Prior to filing suit, American Appraisal contacted All American in an effort to resolve this matter; however All American has not ceased the infringing activity, therefore, constituting its actions as willful. Doc. No. 1 at 4.

All American was served with a summons and complaint on August 28, 2007. Doc. No. 10. American Appraisal subsequently moved for entry of default, which the clerk entered on September 25, 2007. Doc. Nos. 11. By failing to file an answer to American Appraisal's complaint, All American effectively admitted all well-pled allegations therein. Counsel for American Appraisal sent, by U.S. mail, a copy of the motion for entry of default to All American. Doc. No. 16 at 7.

### B.    Analysis

After careful review of the complaint and motions filed in this action, as well as the evidence submitted with the pleadings, the undersigned finds that sufficient evidence supports American Appraisal's claim of willful trademark infringement. The entry of default judgment and a permanent injunction is warranted.  All American was properly served, and has had numerous opportunities to appear and contest the claims, as well as the motion now before the Court.  American Appraisal's claims and motion, however, remain unopposed.

American Appraisal seeks a permanent injunction against All American.  All American's default establishes American Appraisal's success on the merits and that American Appraisal's injury outweighs whatever damage the injunction may cause All American.  As previously stated, trademark infringement causes irreparable injury not only to American Appraisal, but also to the public.  As the public has a strong interest in being free from the confusion and deception caused by trademark infringement, American Appraisal's proposed injunction is not adverse to the public interest.

Therefore, it is **RECOMMENDED** that:

1.    American Appraisal's Motion for Entry of Default Final Judgment and for Injunctive Relief [Docket No. 16] be **GRANTED**;

2.    the Court should grant American Appraisal's proposed Order for Entry of Default Judgment and Permanent Injunction against Defendant, All American Appraisals, Inc. (attachment 1); and

3.    the Clerk should be directed to enter judgment and close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 28, 2008.

_Donald P. Dietrich_

DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable John Antoon II
Counsel of Record
Unrepresented Party